**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TIFFANY TOMASZEWSKI,

                            **Plaintiff,**

v.

                                                                  **18-CV-728-HKS**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                            **Defendant.**

## DECISION AND ORDER

        Plaintiff Tiffany Tomaszewski brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 18.

        Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 11, 16. For the reasons set forth below, the Commissioner's motion (Dkt. No. 16) is granted, and the plaintiff's motion (Dkt. No. 11) is denied.

1

**BACKGROUND**

On October 15, 2014 and November 5, 2014, the plaintiff protectively filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging disability since August 1, 2013, due to bipolar disorder, sleep disorder, severe arthritis in the left hand, history of left wrist surgeries, and allergies. Tr.[1] 10, 259.[2] On April 9, 2015, the plaintiff's claims were initially denied by the SSA. Tr. 107-136. On July 27, 2017, Plaintiff appeared with an attorney and testified before Administrative Law Judge, Andrew Niedrick ("the ALJ"). Tr. 28-102. A vocational expert ("VE") also testified during the hearing. *Id.* On August 28, 2017, the ALJ issued a decision finding the plaintiff not disabled within the meaning of the Act. Tr. 7-27. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on May 4, 2018. Tr. 1-6. Thereafter, the plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

**LEGAL STANDARD**

**I.      District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a

---

[1] References to "Tr." are to the administrative record in this matter. Dkt. No. 7.
[2] Plaintiff's applications were not included in the Certified Administrative Record.

2

mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or

3

medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above. First, the ALJ found the plaintiff met insured status requirements of the SSA through March 31, 2018. Tr. 13. At step one, the ALJ found that the plaintiff engaged in substantial gainful activity from May 2017 through August 2017. *Id.* At step two, the ALJ found the plaintiff has the following severe impairments:

osteoarthritis of the left hand, status post-surgeries of the left hand and wrist; cervical degenerative disc disease; lumbago with sciatica; bipolar disorder; and posttraumatic stress disorder. *Id.* At step three, the ALJ found that the plaintiff's impairments, alone or in combination, did not meet or medically equal any listings impairment. Tr. 14.

Next, the ALJ determined the plaintiff retained the RFC to perform light work with additional limitations.[3] Tr. 24. Specifically, she may frequently climb stairs, balance, stoop, kneel, crouch, and crawl; but cannot climb ladders, ropes or scaffolds; cannot work in hazardous work environments; and can have only occasional exposure to concentrated temperature extremes and other pulmonary irritants. Tr. 15. The ALJ also found Plaintiff can perform only simple, routine and repetitive tasks; and can use her dominant left upper extremity frequently but not constantly for handling, fingering and reaching (only occasionally overhead). *Id.*

At step four, the ALJ relied on the VE's testimony and found that the plaintiff is capable of performing her past relevant work as a "Fast Food Worker" (DOT #311.472-010) Specific Vocational Preparation ("SVP") level of 2, with a medium level of exertion. Tr. 20. The ALJ continued on to step five and considered the plaintiff's age (42 on the alleged disability onset date); high school education; ability to communicate

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567

5

in English; work experience; RFC; and concluded based on the VE's testimony that the plaintiff was also capable of performing other work that existed in significant numbers in the national economy. Tr. 20-21. Specifically, the ALJ found the plaintiff could perform the following unskilled SVP 2 jobs requiring a light level of exertion: "Photo Copy Machine Operator" (DOT# 207-685-014); "Price Maker" (DOT# 209.587-034); and "Routing Clerk" (DOT# 222.687-022). Tr. 21. Accordingly, the ALJ found the plaintiff was not disabled from August 1, 2013, through August 31, 2017. Tr. 21-22.

## II.     Analysis

Plaintiff argues that this matter should be remanded because the ALJ erred by failing to reconcile the RFC determination with Hongbiao Liu, M.D, ("Dr. Liu")'s medical opinion, specifically concerning her ability to use her left dominant hand. Dkt. No. 11, at 11. The Commissioner contends the ALJ's RFC determination is supported by substantial evidence and should be affirmed. Dkt. No. 16 at 9. This Court agrees with the Commissioner.

According to the regulations, an ALJ "will always consider the medical opinions in [a claimant's] case record together with the rest of the relevant evidence" in determining whether a claimant is disabled, and "will evaluate every medical opinion" received. 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). However, an ALJ is not required to adopt the entirety of a single medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was

6

entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). The ALJ is required to provide sufficient reasoning for rejecting portions of the opinion to provide meaningful review. See *Cichocki v. Astrue*, 729 F.3d 172, (2d Cir. 2013). If the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 288, 297 (W.D.N.Y. 2006).

### A. Dr. Liu's Opinion

Dr. Liu performed a consultative examination of Plaintiff on March 23, 2015. Tr. 454-57. Dr. Liu diagnosed Plaintiff with arthritis and history of bipolar disorder and noted Plaintiff had 4/5 grip strength in her left hand, 5/5 in her right hand. Tr. 456-457. Dr. Liu opined the plaintiff had "mild to moderate limitation" for overhead reaching and fine manipulation with the left hand; and mild decreased ability to zip, button and tie. Tr. 457.

### B. The ALJ's Findings

The ALJ limited Plaintiff to "frequent, but not constant" use of her dominant left upper extremity for handling, fingering and reaching (but only occasionally overhead), in the RFC determination. Tr. 15. In support of his decision, the ALJ accorded "great weight" to Dr. Liu's opinion, finding it was generally consistent with the medical record as a whole, including physical examination findings. Tr. 19. The ALJ further explained, "To the extent that [Dr. Liu's opinion] suggests that she can perform

7

less than frequent handling, fingering, and reaching, less weight is given as [Dr. Liu's] opinion was rendered five months after pins were removed from [Plaintiff's] wrist and some positive findings have been noted since that time." *Id.*

**C. The ALJ's RFC determination is supported by substantial evidence and the ALJ did not err in evaluating Dr. Lius' opinion.**

Plaintiff contends that the RFC is inconsistent with Dr. Liu's opinion because the ALJ failed to account for "mild to moderate" limitations with fine manipulation of her left dominant hand and the ALJ failed to fully accept Dr. Liu's opinion or fully explain the RFC limitations he assessed. Dkt. No. 11 at 11. A plain reading of the ALJ's decision belies the Plaintiff's assertion. Plaintiff claims the ALJ should have reduced her RFC to "occasional" handling, fingering, and reaching using her left dominant hand, in adherence to the "moderate" limitations recommended by Dr. Liu. Dkt. No. 11 at 17. However, Dr. Liu found "mild to moderate" limitations not solely "moderate" limitations and the ALJ properly explained his decision to limit Plaintiff to frequent but not constant handling, fingering, and reaching. Further contrary to Plaintiff's argument, this Court has held that a moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity." *May v. Comm'r of Soc. Sec.*, No.17-CV1347, 2019 WL 2717991, at *4 (W.D.N.Y. June 28, 2019) (quoting *Jennifer Lee W. v. Berryhill*, 5:18-CV-64, 2019 WL 1243759, at *5 (N.D.N.Y. March 18, 2019).

Plaintiff must demonstrate that no reasonable factfinder could have reached the ALJ's conclusions based on the record evidence. *See Brault v. Soc. Sec.*

8

*Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).  Here, the RFC limitations that the ALJ assessed align with Dr. Liu's opinion in addition to other relevant record evidence, identified by the ALJ in his decision.  For example, Dr. Liu's examination records noted 5/5 grip strength in Plaintiff's right hand and 4/5 in the left hand, with mild decreased ability to zip, button, and tie with the left hand.  Tr. 456.  Robert K. Brown, M.D. ("Dr. Brown") examined Plaintiff on October 14, 2014, two weeks after removal the surgical pins from her left wrist (final surgery).  Tr. 350.  Dr. Brown noted Plaintiff's left wrist pain had subsided following the surgery and instructed Plaintiff to avoid yard work for 24 hours but to advance activities with left hand and wrist normally as tolerated thereafter. *Id.*  Plaintiff reported a range of daily activities including cooking, household activities such as laundry, shopping, watching television, listening to the radio, reading books, attending college classes in 2013, and working full-time at a medium exertional level beginning in May 2017 through the date of the administrative hearing, July 27, 2017. Tr. 16.  Specifically, Plaintiff testified at the administrative hearing on July 27, 2017, that she had been performing full-time work as a "Fast Food Worker" since May 2017 and described the job as counter-work requiring her to take orders, function as a cashier, and distribute food and beverages.  Tr. 44.  Further, the VE testified that a hypothetical individual identical to Plaintiff, limited to frequent but not constant handling, fingering, and reaching (but only occasionally overhead) would be capable of work as a "Fast Food Worker," in addition to other jobs requiring a light level of exertion.  Tr. 91, 95, 99.

    This court lacks the discretion to reweigh the evidence considered by the ALJ and is limited to determining whether the Commissioner's decision is supported by

9

substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Talavera*, 697 F.3d 145, 151. This Court finds the ALJ's physical RFC determination is supported by substantial evidence and the ALJ did not err in evaluating Dr. Liu's opinion, therefore the Commissioner's decision is affirmed.

## CONCLUSION

Defendant's Motion for Judgment on the Pleadings (Dkt. No. 16) is GRANTED and the plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 11) is DENIED. The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 8, 2019

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**